361 P.2d 542

Harold E. MEYER, Petitioner,

v.

George F. SENNER, Jr., E. T. Williams, and A. P. Buzard, members of and constituting the Arizona Corporation Commission, Respondents.

No. 7286.

Supreme Court of Arizona.

May 3, 1961.

Scruggs & Rucker, Tucson, for petition-er.

Robert W. Pickrell, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., for respondents.

UDALL, Justice.

The petitioner hauls garbage from Mt. Lemmon Radar Station in Pima County to the Tucson Sanitary Fill pursuant to a one year contract with the United States Government. This one contract to haul garbage is the only transportation which petitioner conducts for hire over the highways of the State of Arizona. The Arizona Corporation Commission on its own motion filed a complaint charging the petitioner with hauling for hire without first obtaining a certificate of convenience and necessity and stating that "Mr. Meyer is operating in an area where another party holds a Certificate of Convenience and Necessity to haul garbage."

Upon hearing before the Commission it entered the following order:

"Found guilty of contempt. Cease and desist order to issue immediately with copy served on U. S. and Davis-Monthan. Fined $5,000. Suspended one year on condition that deponent does not violate rules and regulations of the Arizona Corporation Commission or state laws pertaining to common carriage on highways. If re-

spondent continues, Superintendent of Motor Vehicle Department to be notified to lift registration on vehicles used in illegal haul."

After a motion for rehearing was denied petitioner filed a petition for writ of certiorari which we granted to consider the important questions raised in the petition.

Petitioner raises the question of whether the corporation commission of Arizona may forbid him to carry out a contract with the United States Government in light of the Supremacy Clause of the United States Constitution. He also contends that he is not a carrier at all. Although both of these contentions raise serious questions, we do not feel called upon to answer them on the record before us and in view of our disposition of the case on another issue.

■ The issue which we think is dispositive of this case is petitioner's contention that this action of the commission and its order were all made under A.R.S. § 40-607 governing common carriers in face of the fact that petitioner is not a common carrier subject to the provisions of that section. Even the respondent-corporation commission admits in its memorandum before this court that petitioner's activity is "at most a contract carriage." In this admission the respondent is clearly correct. There can be no doubt on the record that the petitioner is not a common carrier.

He has but one contract to haul for the United States Government and in no way holds himself out a common carrier for the public. If this carriage is a type of carriage which is subject to control by the corporation commission at all it would have to be a contract carriage which is regulated under A.R.S. § 40-608.

Whether petitioner is a contract carrier or no carrier at all, which we need not decide and which the state of the record does not justify our so deciding, the order of the commission must be reversed and the complaint dismissed because it was improperly brought under A.R.S. § 40-607.

That petitioner is not a common carrier subject to A.R.S. § 40-607, we have already pointed out. That this entire matter was brought and considered by the commission under the theory that petitioner is a common carrier subject to § 40-607 is abundantly clear. The commission complained against petitioner for not having a *certificate of convenience and necessity* as required by § 40-607 and said nothing about a *permit* as required by § 40-608 governing contract carriers. The commission further stated in its complaint that petitioner was operating in an area where "another party holds a Certificate of Convenience and Necessity to haul garbage." This shows clearly that the commission had in mind a judgment concerning the public convenience and necessity as required by A.R.S. § 40-607, subd. C rather than a judgment con-

cerning danger to public safety, use of the highways and condition and maintenance of the highways as required by A.R.S. § 40–608, subd. C. In addition the order of the commission directed that the petitioner cease and desist from violating the rules pertaining to "common carriage" over the highways.

██ Even if there had been sufficient consideration of the matter that we might say from the record that petitioner is a contract carrier we cannot permit the commission to complain, hear and decide the matter under the section governing common carriers then sustain that judgment before this court under the section governing contract carriers. The judgments to be made under those two sections are fundamentally different in their nature. The judgment under A.R.S. § 40–607, subd. C governing common carriers is basically one of regulated monopoly while the judgment which the commission must make under A.R.S. § 40–608, subd. C governing contract carriers is basically a judgment concerning the effect of this use on highway maintenance and safety.

For the reasons given in this opinion the order of the commission is set aside, with the directions to dismiss the complaint.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.